IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

BELLSOUTH TELECOMMUNICATIONS, INC.,

    Plaintiff,

v.                                                   CASE NO.  4:03cv212-RH

FLORIDA DIGITAL NETWORK, INC.,
et al.,

    Defendants.

_____/

## ORDER ON MERITS

Under the Telecommunications Act of 1996, incumbent local exchange carriers must make certain services and facilities available to competitive carriers. *See* 47 U.S.C. §251(c); *MCI Telecomms. Corp. v. BellSouth Telecomms., Inc.*, 2000 WL 1239840 (N.D. Fla. 2000) (describing these duties in detail), *aff'd*, 298 F.3d 1269 (11th Cir. 2002).  If an incumbent and competitive carrier are unable to agree on which services and facilities will be made available and on what terms, the Act authorizes the appropriate state commission to resolve the dispute through an "arbitration" proceeding.  *See* 47 U.S.C. §252(b)(1).  Determinations of state

commissions are reviewable in actions filed in federal district court.  *See* 47 U.S.C. §252(e)(6).  This is such an action.

Plaintiff BellSouth Telecommunications, Inc. (an incumbent), and defendant Florida Digital Network, Inc. (a competitor), agreed on all terms under which BellSouth services and facilities would be made available to Florida Digital, with one exception.  They disagreed with respect to digital subscriber line ("DSL") service.  That issue went to arbitration before the defendant Florida Public Service Commission, which determined, over BellSouth's objections, that BellSouth must make BellSouth DSL service available to customers who choose Florida Digital as their local exchange carrier.  BellSouth now challenges that decision in this court.

BellSouth ordinarily provides DSL service to a customer over the same loop BellSouth uses to provide local service to that same customer.  The Federal Communications Commission has made clear, in response to a petition for declaratory ruling filed by BellSouth explicitly in response to the Florida Commission ruling now at issue (as well as similar rulings of other state commissions) that, at least to the extent based on an incumbent's obligation to provide services or facilities to a competitor under federal law, the Florida Commission's determination was wrong.  The FCC said:

> [A] state commission may not require an incumbent local exchange

>carrier (LEC) to provide digital subscriber line (DSL) service to an end user customer over the same unbundled network element (UNE) loop facility that a competitive LEC uses to provide voice services to that end user. . . . [W]e conclude that state decisions that impose such an obligation are inconsistent with and substantially prevent the implementation of the [1996] Act and the [FCC's rules and policies implementing the Act].
>
>    . . . .
>
>We find that each of the state commission decisions at issue here – either expressly or implicitly – conditions the terms on which BellSouth must offer competitive LECs unbundled access to its local loops in a manner inconsistent with the 1996 Act and our implementing regulations.

*In re BellSouth Telecomms., Inc. Request for Declaratory Ruling*, WC Docket No. 03-251 at ¶¶1, 21 (FCC March 25, 2005).

Defendants do not deny that the FCC's ruling will be controlling on the issues it addresses, at least if ultimately upheld on appeal. I accept the FCC ruling as an accurate statement of federal law.[1]

Defendants assert, however, that the Florida Commission's determination is nonetheless sustainable under Florida law, separate and apart from any federal

---

[1] Reasonable arguments could be made on both sides of the issue of whether requiring an incumbent to provide DSL service over the same loop a competitor uses to provide local service to the same customer promotes or hinders overall competition for voice or broadband services. The FCC, whose views are entitled to deference, *see, e.g., Chevron U.S.A., Inc. v. Natural Resources Defense Counsel*, 467 U.S. 837, 104 S. Ct. 2778, 81 L. Ed. 2d 694 (1984), has resolved the issue in BellSouth's favor.

requirements.  Thus, they say, the Florida Commission, which has authority to regulate BellSouth's provision of local telephone service, simply ruled that BellSouth cannot withhold DSL service from customers who choose not to obtain their local service from BellSouth.  But beyond any question, DSL service—used primarily as broadband internet access—is jurisdictionally interstate, not intrastate, and thus is subject to regulation by the FCC, not by state commissions.  BellSouth provides DSL service pursuant to a federal tariff.  The Florida Commission cannot properly compel BellSouth to provide such service beyond the requirements of its federal tariff.

The Florida Commission asserts, however, that the ruling at issue merely regulates local service, not (jurisdictionally interstate) DSL service.  This is plainly wrong.  The Florida Commission has required BellSouth to provide DSL to customers to whom BellSouth does *not* provide local service; that is the whole point of the Florida Commission's ruling.  When the one and only service a carrier provides a customer is interstate, the regulator with jurisdiction is the FCC, not a state commission.

To be sure, the FCC, in conjunction with its declaratory ruling, gave notice of its initiation of an inquiry into whether a carrier should be allowed to deny DSL service to customers of other carriers.  Reasonable arguments can be made on both

*Case No: 4:03cv212-RH*

sides of that issue, and the FCC, in due course, presumably will address the matter. But this merely underscores the point. This is a federal issue, not an issue properly resolved in a §252 arbitration proceeding or by a state commission.

For these reasons,

IT IS ORDERED:

The clerk shall enter judgment stating, "The order of the Florida Public Service Commission requiring BellSouth Telecommunications, Inc. to provide digital subscriber line service to customers who do not subscribe to BellSouth's local telephone service is vacated. The provisions of the Interconnection Agreement between BellSouth and Florida Digital Network, Inc. relating to digital subscriber line service to customers who do not subscribe to BellSouth's local telephone service are declared invalid. The defendant Commissioners of the Florida Public Service Commission shall take such further action relating to the Interconnection Agreement as may be appropriate in light of the Court's Order on Merits and this judgment. All other claims in this action are dismissed. All claims

against the Florida Public Service Commission, in its name, are dismissed as redundant." The clerk shall close the file.

SO ORDERED this 14th day of June, 2005.

s/Robert L. Hinkle  
Chief United States District Judge